## Case No. 16,206.

### UNITED STATES v. RUM RIVER & M. BOOM CO.

[See 3 Fed. 552.]

## Case No. 16,207.

### UNITED STATES v. RUMSEY.

[5 Int. Rev. Rec. 93.]

District Court. D. New Jersey. 1867.

VIOLATION OF INTERNAL REVENUE LAWS—FRAUDULENT RETURNS—INDICTMENTS—EVIDENCE—PREVIOUS TRANSACTIONS.

[1. Where indictments are found, under the act of June 30, 1864 (13 Stat. 223), both for making false returns (under section 15) and for perjury (under section 42), the district attorney cannot proceed upon both indictments, but must elect between them.]

[2. On the trial of an indictment against a manufacturer for making false and fraudulent returns for a given month, it is competent to show, for the purpose of proving the fraudulent intent, that in previous months defendant made false returns.]

This was an indictment for disclosing and delivering to an assistant assessor a false and fraudulent return of manufactures, under section 15 of the act of June 30, 1864. The trial was begun on the 21st of February last, at Trenton, and terminated in the conviction of the defendant on the 8th of March, having continued more than two weeks. The case has exhibited almost all forms of opposition to the execution of the internal revenue laws, and therefore a brief statement of the various proceedings connected with it will be of interest. The defendant was a manufacturer of clothing in Salem, New Jersey, and carried on, in connection with it, an extensive dry goods business. Up to May, 1866, he had returned to the assessor manufactures amounting only to about $300 per month. It was believed that his actual sales were more than ten times that amount, and in May last, a revenue inspector, Mr. Wm. H. Van Nortwick, was sent to investigate his affairs. He examined the books and clerks, and became satisfied that great frauds had been committed. After examining the books and making abstracts for one day, he found that about 60 pages had been cut out during the night, with the evident design to conceal the amount of sales. The collector at once seized the store and books, and reported the case to the district attorney. Before information was filed, Rumsey obtained from the state court of chancery an injunction restraining the collector from withholding possession of the store and books, and, under cover of this process, he took possession of the store by duplicate keys, and carried off the books from the collector's office by strategem. He also sued the collector and inspector in an action of trespass, in the state court, laying his damages at $20,000. The United States district attorney, regarding the seizure as complete, and possession of the property involuntarily abandoned by the collector, filed an information, issued process, and directed the marshal to take possession of the property. He also immediately removed the suit in chancery, and the action at law into the United States circuit court. The marshal took possession of all the stock and materials of the clothing manufacture, and on application of Rumsey, appraisers were appointed, and a bond was given for the appraised value of the property, Rumsey still retaining the books. Shortly after the issuing of the injunction, Rumsey obtained from the chancellor an order for the collector to show cause why an attachment should not be issued to punish him for a breach of the injunction, which the collector had refused to obey. Testimony was taken ex parte under this order, and the motion for attachment was made after the removal of the cause. The district attorney insisted that the chancellor had no power to take any further proceeding, and Rumsey's counsel urged that the attachment for a breach before removal was not a further proceeding in the cause, but only a punishment of the individual for contempt committed while the case was in the power of the court. The argument was delayed and the motion was not afterwards pressed. Meanwhile the assessor had summoned Rumsey to appear and produce his books, but acting under the decision of Judge Smalley, his counsel caused the books to be torn in two, and produced only the fragments relating to the last month's business, denying the right of the assessor to examine into any transactions for which returns had been already made. The district attorney then applied to Judge Field for an attachment under section 14, to compel the production of the books. The attachment was issued, and on its return, after some delay, the judge made an order that the books should be produced. They were, however, not actually examined by the assessor, he having in the meantime made an assessment of $6,000 for taxes withheld. In June, 1866, the case was brought before the grand jury, before whom Rumsey's clerks and employees were summoned, and eight indictments were found; three for false returns under section 15, four for perjury under section 42, and one for forcibly obstructing the collector under section 38, of the act of June 30, 1864. Motions were then made to quash these indictments, and the argument was postponed to September term. At that term four additional indictments were found, and motions to quash were also made as to these. After elaborate argument these motions were overruled, and the indictments set

down for trial at January term. It was held, however, by the judge, that the defendant must not be tried both for perjury and for false return, as to the same monthly return, and that the district attorney must elect as to which he would try. After various delays on the part of the defendant, the trial of the indictment for making a false and fraudulent return for September, 1864, was commenced on the 21st of February.

The case was tried for the government by A. Q. Keasbey, U. S. Dist. Atty., and E. Mercer Shreeve; and for the defendant by Messrs. Joseph P. Bradley, Abraham Browning, and A. H. Slape.

The defendant's counsel had been notified to produce the books, but they refused. Thereupon the abstracts made by the inspector from the day-book were admitted in evidence, showing sales on credit alone of more than three times the whole amount returned; and it was proved that much the greater portion of the sales were for cash. The clerks, cutters, and sewing women of the defendant were examined, and proved an amount manufactured, at least ten times the amount returned. The only important legal question that arose, was upon the admissibility of the returns made by the defendant for other months than September, on which the indictment was founded. They were offered, not to prove the fact of falsehood in the September return, but to show the fraudulent intent with which it was made. It was earnestly contended that it was not competent to go into proof of other crimes, and that to admit the other returns would be to put the defendant on his defence, for twenty different misdemeanors. But THE COURT held that they were clearly admissible to show the fraudulent character of the September return; that the several returns were parts of a connected series of transactions, forming the general business of the defendant, and therefore admissible on the settled rules of evidence laid down in the books and cases cited by counsel for the defendant; that such proof was competent in order to show that the return for September was not exceptional, but one of a series of frauds; and that so far from being foreign to the case, this proof was what both parties ought to want to produce, as being best calculated to elucidate the truth, and affording the defendant the best opportunity of vindicating himself if innocent of fraud.

When he came to his defence the defendant produced certain books which he insisted were all the books of his business. It was plain by inspection, and also by comparing them with the inspector's abstracts, that the books had been systematically altered by Rumsey, by adding after a charge of different garments sold, the words "cut and trimmed," in order to make it appear that these were not sales of manufactured articles; and in other instances the word "clothing" had been altered to "cloth," by erasing the last syllable.

These alterations ran through all the books, and were made in hundreds of places, as shown by visible marks, or by comparing with the inspector's abstracts. A book which was reluctantly produced upon proof of its existence, near the close of the trial, revealed the entry of over 8,000 garments for about two years, and it was shown that another had existed, which he utterly refused to produce, covering the month in question, which at the same rate of production, would have shown over 13,000 garments for a period during which he had returned about 1,200. In fact, it was clearly shown that he had done a business of about $40,000 a year, while returning less than $4,000 for taxation. He was convicted, with a recommendation to the mercy of the court, it being understood that two of the jury refused to find the verdict without such recommendation, desiring to save him from imprisonment. After the verdict he pleaded non vult contendere, as to the other indictments for false return, and the district attorney entered nol pros on the indictments for perjury and obstructing collector.

THE COURT imposed a fine of $1,000 and costs on the indictment tried, and suspended sentence on the others, upon which he may be punished by imprisonment, or fines amounting to $17,000. It is probable that the severity of the sentences on these indictments will be governed by the action of the defendant as to the payment of his taxes withheld, and the amount of his bond for the property seized as subject to forfeiture.